IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS
JUN 0 9 2005
JAMES W. McCORMACK, CLERK
By: _____
DEP CLERK

H.P. AND R.N., by their next friend, \*
SUSAN PIERCE and DISABILITY \*
RIGHTS CENTER, INC. \*
\*
    Plaintiffs \*
\*
VS.                                         \*      NO: 4:03CV812 SWW
\*
KURT KNICKREHM, in his official \*
capacity as the Director of the Arkansas \*
Department of Human Services; ET AL. \*
\*
    Defendants \*

## ORDER

Plaintiffs H.P. and R.N., mentally retarded adults admitted to state-operated human development centers ("HDC's"), and the Disability Rights Center, Inc. ("DRC"), commenced this lawsuit pursuant to 42 U.S.C. § 1983 against the Director of the Arkansas Department of Human Services ("ADHS") and officers of the ADHS Division of Disability Services ("DDS"), claiming that they have been committed to HDC's pursuant to statutory and administrative procedures that violate due process and equal protection guarantees.

On November 23, 2004, the Court denied in part and granted in part the parties' motions for summary judgment. The Court concluded that no genuine issues exist regarding Plaintiffs' equal protection claims and that the State's pre-admission procedures for "voluntary admission" to HDC's comport with due process requirements. However, the Court ruled that, pursuant to *Parham v. J.R.*, 442 U.S. 584 (1979), the State's post-admission procedures fail to provide adequate procedural safeguards because they contain no requirement that the State discharge HDC residents who no longer require HDC services. *See* docket entry #101, at 14.

The Court ordered Defendants to submit proposed post-admission review procedures tailored to meet the due process requirements set forth in *Parham*. Defendants submitted proposed procedures (docket entry #104), and Plaintiffs and Intervenors responded with objections (docket entries 106, #110). Defendants filed amended proposed procedures in reply to the objections (docket entry #113), and Plaintiffs filed a response (docket entry #115). After careful consideration, and for the reasons that follow, the Court adopts Defendants' amended post-admission review procedures as provided in the final judgment entered together with this order.

I.

Defendants submit their proposed post-admission review procedures in the form of admission and discharge rules. *See* docket entry #113, attachment. The proposed rules begin with the following policy statement: "This . . . replaces existing policies in order to clarify that admission and continued residence at Human Development Centers is limited to eligible individuals who need and can benefit from care and active treatment at an intermediate care facility for the mentally retarded." *Id.*, at I.

The proposed rules require that at least every twelve months after an individual is admitted to an HDC, he or she receives an "annual status review" by an interdisciplinary team of medical professionals, including a licensed physician.[1] *Id.*, at II(a)(3), II(a)(12), III(b). As part of an annual status review, interdisciplinary teams will, among other things, "determine the client's continued HDC eligibility." *Id.* at II(a)(3). Under the proposed rules, an individual is

---

[1] The Court understands that the proposed annual status reviews are in addition to the ongoing evaluation of HDC residents, which is required under current ADHS policy. *See* docket entry #70, Arkansas Department of Human Services Division of Developmental Disabilities Services DDS Director's Office Policy Manual, Policy No. 1086 (stating that each HDC provides "on-going evaluation, planning, 24-hour supervision, coordination, and integration of health and habilitative services to help each individual function at his or her greatest ability").

eligible for admission to an HDC if he or she is eligible for developmental disabilities services,[2] in need of and able to benefit from active treatment, and unable to access appropriate and adequate developmental disabilities services in a less restrictive alternative. *Id.* at II(b)-(c). The proposed rules state that if an individual is admitted to an HDC by means other than a court order, "[e]ven without a request for discharge, an HDC Superintendent must discharge an individual upon a determination by HDC professionals that the individual is no longer eligible for admission or retention." *Id.* at II(c)(B)(ii).

Plaintiffs assert that the proposed rules fail to provide adequate procedural due process because they lack traditional procedures associated with judicial decisionmaking. However, for the reasons stated in the memorandum opinion and order entered November 23, 2004, the Court has determined that an independent, medical decisionmaking process is sufficient, under the Due Process Clause, to determine whether an individual qualifies for admission and retention at an HDC.

Intervenors express concern that the Court has failed "to address the possible circumstances of the individual who is deemed by the Interdisciplinary Team as suitable for [discharge and] community placement but there are no community facilities capable of providing adequate care." Docket entry #110. In response to Intervenors' concern, Defendants' amended rules clarify that a resident ceases to be eligible for admission or retention when "he or she is no longer in need of and able to benefit from active treatment provided at the HDC and is able to access appropriate and adequate services in another setting." Docket entry #113, attached proposed rules at II(c)(5)(B)(ii).

---

[2]A person may be eligible for admission to an HDC if, due to developmental disability, he or she is incapable of managing the affairs of life and requires special care. *See id.* § 20-48-404(1).

Intervenors object to several provisions in the proposed rules related to criteria for admission to HDC's. Additionally, they object to a statement included in the rules that "discharge planning begins upon admission." Intervenors fear that the proposed rules have the potential to deny services to individuals who need them. Whether the State has an obligation to provide HDC services is not at issue in this case. Accordingly, the Court will not address Intervenors' objections related to the State's criteria for admission to HDC's.

Finally, Intervenors object that the proposed rules contain no assurance that guardians and parents will continue to serve on HDC interdisciplinary teams. Defendants state that, in accordance with several regulations governing the operation of HDC's, guardians and parents will most certainly continue to serve on interdisciplinary teams.

The Court concludes that Defendants' amended proposed rules (docket entry #113) are consistent with constitutional guarantees and provide an adequate remedy in this case.

IT IS THEREFORE ORDERED that Defendants shall implement, with all possible speed, the proposed Division of Developmental Disabilities Services Human Development Center Admission and Discharge Rules submitted February 23, 2005 (docket entry #113). Pursuant to the judgment entered together with this order, this case is hereby DISMISSED.

IT IS SO ORDERED THIS 9th DAY OF JUNE, 2005.

_____
CHIEF JUDGE
UNITED STATES DISTRICT COURT

THIS DOCUMENT ENTERED ON
DOCKET SHEET IN COMPLIANCE
WITH RULE 58 AND/OR 79(a) FRCP
ON 6/10/05 BY _____

F I L E   C O P Y

bt

UNITED STATES DISTRICT COURT
Eastern District of Arkansas
U.S. Court House
600 West Capitol, Suite 402
Little Rock, Arkansas 72201-3325

June 10, 2005

* * MAILING CERTIFICATE OF CLERK * *

Re:   4:03-cv-00812.

True and correct copies of the attached were mailed by the clerk to the following:

Janet Cecil Baker, Esq.
Disability Rights Center, Inc.
Evergreen Place
1100 North University Avenue
Suite 201
Little Rock, AR   72207

Dana K. McClain, Esq.
Disability Rights Center, Inc.
Evergreen Place
1100 North University Avenue
Suite 201
Little Rock, AR   72207

Adam H. Butler, Esq.
Disability Rights Center, Inc.
Evergreen Place
1100 North University Avenue
Suite 201
Little Rock, AR   72207

Breck G. Hopkins, Esq.
Arkansas Department of Human Services
Office of Chief Counsel
700 Main Street
Post Office Box 1437
Little Rock, AR   72203-1437

Lori Freno, Esq.
Arkansas Attorney General's Office
Catlett-Prien Tower Building
323 Center Street
Suite 200
Little Rock, AR   72201-2610

William F. Sherman, Esq.
Attorney at Law
Pyramid Place
221 West Second Street
Suite 504
Little Rock, AR  72201-2585

press, post

|  |  |
|---|---|
|  | James W. McCormack, Clerk |
| Date: 6/10/05 | BY: BTyree |