IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

| | | |
|---|---|---|
| H.P. AND R.N., by their next friend, SUSAN PIERCE and DISABILITY RIGHTS CENTER, INC. | * * * * | |
| Plaintiffs | * * | |
| VS. | * * | NO: 4:03CV812 SWW |
| KURT KNICKREHM, in his official capacity as the Director of the Arkansas Department of Human Services; ET AL. | * * * * | |
| Defendants | * | |

## ORDER

Before the Court is Plaintiffs' motion seeking $24,038 in attorney fees and $2,728 in costs (docket entry #118) and Defendants' response in objection (docket entry #120). After careful consideration, and for the reasons that follow, the Court determines that Plaintiffs' motion should be granted in part and denied in part.

I.

Plaintiffs, two mentally retarded adult males, commenced this lawsuit pursuant to 42 U.S.C. § 1983 against the Director of the Arkansas Department of Human Services ("ADHS") and officers of the ADHS Division of Disability Services ("DDS"), claiming that Plaintiffs had been committed to a state human development center ("HDC") pursuant to statutory and administrative procedures that violate due process and equal protection guarantees.

By way of relief, Plaintiffs sought the following: (1) a declaration that the complained-of

admission and discharge procedures violate their rights to due process and equal protection of the law and (2) a judicial hearing, comporting with procedural due process, regarding Plaintiff Porter's HDC placement. *See* docket entry #54.

On November 23, 2004, the Court entered summary judgment in Defendants' favor as to Plaintiffs' equal protection claims. The Court ruled, however, that the State's post-admission procedures failed to provide adequate procedural safeguards because they contained no requirement that the State discharge HDC residents who no longer require HDC services. *See* docket entry #101, at 14. The Court ordered Defendants to submit proposed post-admission review procedures that would remedy this constitutional infirmity.

Defendants submitted proposed procedures, requiring that HDC superintendents discharge an HDC resident upon a determination by HDC professionals that the resident is no longer eligible for admission or retention. Additionally, the proposed rules required that every HDC resident receive an annual status review by an interdisciplinary team of medical professionals, including a licensed physician. After considering Plaintiffs' and Intervenors' objections to the proposed rules, the Court adopted Defendants' proposed procedures, finding that they provide an adequate remedy in this case.

II.

The case is before the Court on Plaintiffs' motion for attorneys' fees and costs.[1] Title 42 U.S.C. § 1988 provides that in federal civil rights actions, "the court, in its discretion, may allow

---

[1] Although the parties have filed notices of appeal from the final judgment, this court has jurisdiction to decide Plaintiffs' motion for attorney's fees. *See Harmon v. United States*, 101 F.3d 574, 587 (8th Cir. 1996)("But where the issue of attorney fees is not before the court of appeals . . . the district court may consider it.").

the prevailing party . . . a reasonable attorney's fee as part of the costs." 28 U.S.C. § 1988. The standard for determining whether a party has prevailed for purposes of §1988 is whether "actual relief on the merits of [his or her] claim materially alters the legal relationship between the parties by modifying the defendant's behavior in a way that directly benefits the plaintiff." *Jenkins v. Missouri*, 127 F.3d 709, 713 (8th Cir. 1997) (quoting *Farrar v. Hobby*, 506 U.S. 103, 111-12 (1992)).

Under the Supreme Court's generous formulation of the term "prevailing party", "plaintiffs may be considered 'prevailing parties . . . if they succeed on any significant issue in litigation which achieves some of the benefit . . . sought in bringing suit.'" *Hensley v. Eckerhart,* 103 S. Ct. 1933, 1939 (1983) (quoting *Nadeau v. Helgemoe,* 581 F.2d 275, 278-279 (1st Cir. 1978)).

Defendants acknowledge that the promulgation of new rules governing HDC post-admission review and discharge procedures effects a legal change. However, they argue that the procedures set forth in the new rules are merely a "formalization" of the "interdisciplinary team review process" already in place before Plaintiffs initiated this lawsuit. According to Defendants, Plaintiffs gained a small victory, unworthy of prevailing party status.

It is undisputed that before the Court's judgment in this case, the rules governing HDC post-admission review and discharge failed to charge HDC superintendents with the duty to discharge HDC residents who no longer qualified for admission. According to the deposition testimony of Defendant Green, the Director of DDS, before the new rules, the ultimate decision of whether to discharge an ADC resident belonged to the resident's parent or guardian. *See* docket entry #65, Ex. 2, at 35-36. The new rules governing HDC changed the legal relationship

between Defendants and Plaintiffs by charging Defendants with a legal duty. The Court concludes that although Plaintiffs prevailed on a discrete issue–that is, whether the State's post-admission review and discharge procedures comport with due process guarantees–they are nonetheless prevailing parties.

It is now the Court's task to determine a reasonable award related to Plaintiffs' due process claims.[2] In calculating a fee award, the Court will use the "lodestar" method, which entails calculating the number of hours reasonably expended by the relevant market rate for legal services.

**Reasonable Hours**

"The most important factor in determining what is a reasonable fee is the magnitude of the plaintiff's success in the case as a whole." *Jenkins*, 127 F.3d 709, 716 (8th Cir. 1997)(citing *Hensley v. Eckerhart*, 103 S. Ct. 1933, 1941 (1983)). If "a plaintiff has achieved only partial or limited success, the product of hours reasonably expended on the litigation as a whole times a reasonable hourly rate may be an excessive amount." *Hensley*, 103 S. Ct. at 1941. "This will be true even where the plaintiff's claims were interrelated, nonfrivolous, and raised in good faith." *Id*.

Compared to the relief sought in this case, Plaintiffs achieved only limited success. Plaintiffs sought a declaration that the States' pre-admission procedures were unconstitutional, but the Court found no constitutional defect regarding the State's pre-admission procedures. Additionally, Plaintiffs sought, but did not receive, the right to a hearing with procedural

---

[2] Recognizing that the facts and legal standards applicable to Plaintiffs' equal protection claims are unrelated to their due process claims, Plaintiffs seek no fees related to work regarding their equal protection claims.

protections including: (a) the right to be present; (b) the right to appointed counsel; (c) the right to cross examine witnesses; (d) the right to view petitions and reports; (e) the right to subpoena witnesses; (f) the right to periodic judicial review; (g) the right to be placed in the least restrictive environment; (h) the right to timely notice of rights. *See* docket entry #66, at 3-4. Plaintiffs also sought a ruling that before an individual can be admitted to an HDC, the State must prove, by clear and convincing evidence, that the candidate for admission poses a substantial risk of harm to himself or herself or others and requires a level of supervision and care that can only be provided at a HDC. *Id*.

Because it is impossible to identify specific hours related to the limited relief granted in this case, the Court concludes that the most equitable method to account for Plaintiffs' limited success is to award fees for 25% of the compensable hours of work for which Plaintiffs seek attorney fees.[3]

**Reasonable Rate**

"As a general rule, a reasonable hourly rate is the prevailing market rate, that is, 'the ordinary rate for similar work in the community where the case has been litigated.'" *Moysis v. DTG Datanet,* 278 F.3d 819, 828 -829 (8th Cir. 2002)(quoting *Emery v. Hunt,* 272 F.3d 1042, 1047 (8th Cir.2001)). The fee applicant bears the burden of establishing entitlement to an award, including the requested hourly rate.

Plaintiffs seek fees for 18.10 hours of work performed by Brian Wolfman, an attorney

---

[3]In *Hensley*, the Supreme Court explained, "There is no precise rule for making these determinations. The district court may attempt to identify specific hours that should be eliminated, or it may simply reduce the award to account for the limited success. The court necessarily has discretion in making this equitable judgment." *Hensley v. Eckerhart*, 103 S. Ct. 1933, 1941 (1983).

from the District of Columbia.  Plaintiffs request $380 per hour for Wolfman's work based on the *Laffey* matrix, a uniform index used by courts in the D.C. Circuit to calculate fees in § 1983 cases.  *See Laffey v. Northwest Airlines, Inc.,* 572 F.Supp. 354 (D.D.C.1983), *rev'd on other grounds* , 746 F.2d 4 (D.C. Cir. 1984).   Defendants object that the requested rate for Wolfman's work is excessive.  The Court agrees that the $225 hourly rate requested for work performed by Attorney Grif Stokely, who has 30 years experience in civil rights matters,  is more reflective of the ordinary rate for similar work in the Little Rock community.   Accordingly, the Court will award Plaintiffs $225 per hour for work performed by Attorney Wolfman.

**Costs**

Plaintiffs seek reimbursement of litigation costs totaling $2,728.  See docket entry #118, Ex. 1.  Among the costs itemized are copying and postage expenses, and Defendants argue that such costs are nontaxable under 28 U.S.C. § 1920.  Section 1920 permits the Court to tax fees for exemplification and copies of papers necessarily obtained for use in the case.  Additionally, under § 1988, a reasonable attorney's fee award may include reasonable out-of–pocket expenses incurred by an attorney and normally charged to a fee-paying client.  *See Pinkham v. Camex, Inc*., 84 F.3d 292, 294-95 (8th Cir. 1996).   The Court finds that Plaintiffs' postage and copying expenses are recoverable under these provision and that they are reasonable and not excessive.  Additionally, the Court finds that the remaining costs itemized by Plaintiffs are taxable under § 1920 and are reasonable in amount.

IT IS THEREFORE ORDERED that Plaintiffs' motion for attorney's fees and costs (docket entry #118) is GRANTED IN PART AND DENIED IN PART as follows:

Plaintiffs are granted $5,329.93 in attorney's fees ($21,319.71 x 25%),[4] pursuant to § 1988, and $2,640.79 in costs pursuant to 28 U.S.C. § 1920 and Federal Rule of Civil Procedure 54(d)(1).

IT IS SO ORDERED THIS 16th DAY OF SEPTEMBER, 2005.

/s/Susan Webber Wright

UNITED STATES DISTRICT JUDGE

---

[4] Plaintiffs requested a total $24,038 in attorney's fees. *See* docket entry #118, Ex. 1. Because the Court finds that Plaintiffs are entitled to only $225 per hour for work by Attorney Wolfman, rather than the requested $380 per hour, the Court reduced Plaintiffs' award by $2,805.50. Additionally, the Court categorized Plaintiffs' postage expense, $87.21, as out-of-pocket expenses, recoverable under § 1988 as attorney's fees.